ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. FARRIS. (No. 7133.)

(Court of Civil Appeals of Texas. Dallas. April 18, 1914. Rehearing Denied May 9, 1914.)

1. CARRIERS (§ 321*)—INJURIES TO PASSENGERS—ACTIONS—INSTRUCTIONS — "JERK" — "LURCH."

Where plaintiff testified that after the train had come to a stop, and he had arisen to alight, it was either backed up or jerked in some way, and that he was thrown against a seat and injured, the use in a charge on negligence of the terms "suddenly moved, lurched, and jerked," used by the petition, was not erroneous, as any jerk is a sudden movement, and the word "lurch," though it has specific reference to sidewise movements, is commonly used with reference to any sudden movement, and the jury, in view of the common knowledge of the movement of trains, could not have been misled by the charge, although plaintiff did not testify in the precise language of the petition.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1247, 1326–1336, 1343; Dec. Dig. § 321.*

For other definitions, see Words and Phrases, vol. 4, p. 3811.]

2. APPEAL AND ERROR (§ 1064*)—REVIEW—HARMLESS ERROR.

Where a charge submitting to the jury the question of a railroad company's negligence in suddenly moving its train, which had stopped to allow passengers to alight, could not have misled the jury, its inexact use of language was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4219, 4221–4224; Dec. Dig. § 1064.*]

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Action by Charles F. Farris against the St. Louis Southwestern Railway Company of Texas. From a judgment for plaintiff, defendant appeals. Affirmed.

E. B. Perkins, of Dallas, and Scott & Ross, of Waco, for appellant. T. H. Jackson, Walter Collins, and B. Y. Cummings, all of Hillsboro, for appellee.

RASBURY, J. Appellee sued appellant for damages for personal injuries alleged to have resulted from the negligent operation of appellant's train. There was a trial by jury resulting in a verdict for appellee for $1,500. Upon the verdict similar judgment was entered, from which this appeal is taken. Appellee's injury was what the physicians who testified termed a moderate hernia, and the evidence supports the claim that it resulted from appellant's negligence, and supports as well the amount of the verdict. In fact no attack is made upon those features of the case.

[1] It is urged, however, that the court erred in refusing appellant's special charge

directing the jury to return verdict for appellant, because the evidence failed to show that appellant caused its train "to suddenly jerk and lurch," as alleged by appellee, and that the case should be reversed because the court submitted that issue in the general charge. The precise point is that while appellee alleged that after the train reached Corsicana and halted, and after he had arisen to disembark therefrom, appellant caused same "to be suddenly moved," and caused same "to suddenly lurch and jerk," and thereby caused the plaintiff to be thrown with great force and violence onto and against the back of one of the seats in said coach and injured as alleged, etc., the evidence, as mattter of fact, failed to support the · allegation that the train "suddenly" moved, jerked, or lurched, notwithstanding which the court adopted the language of appellee's petition and directed the jury to find for appellee if appellant "suddenly" moved the train and caused the same "to suddenly lurch and jerk," if such acts were negligent, etc. Appellee's petition did allege the acts of negligence just stated. His evidence in support of the negligent act so alleged, which was adopted by the jury, is in substance that as the train stopped he arose to disembark from the train, placing one hand on the back of a car seat, reaching with his other hand for his "grip," and as he did so "the train either backed up or jerked some way and threw me against the corner of the seat." And again, on cross-examination, he said that, as he reached for his grip, "the train either backed up or started up, I could · not tell definitely which." Such is the evidence, and, while the evidence does not show that appellee used · either the word "suddenly" or "lurched" in his testimony, we nevertheless conclude that the use of these terms in the court's charge does not constitute reversible error. The substance of the court's charge is that the train suddenly moved, lurched, and jerked, while the substance of the evidence is that the train jerked some way forward or backward and threw appellee against the wall. We can see no possible harm in the use of the words "suddenly moved and lurched," instead of the word "jerked," as used by appellee in testifying, since, obviously, there could not be a jerk of the train without a movement thereof, and it can hardly be intelligently maintained that the use of the word contributed one way or the other to the result. Nor could there be a jerk of the train that was not sudden, since to jerk a thing is to give it a short, sudden thrust, push, or to strike it with a short quick motion. So it is with the use of the word "lurch," which, to the ordinary mind, has reference to a sudden movement, although it has specific reference to sidewise movements. We are convinced, however, that the jury in determining the issuable facts in the case were not misled by the use of the terms complained of. We can hardly conceive that ordinarily intelligent men, such as the jury trying the case are presumed to have been, having, as they must have had, common knowledge relating to train jerks, resulting from backward and forward movement, dealt in any niceties concerning its specific meaning as applied to the court's charge.

[2] Aside from what we have said, and conceding technical error in the charge, it is not reversible under the rule now in force, which forbids reversal upon such matters, unless it shall appear that the error amounted to such denial of appellant's rights as was reasonably calculated to and probably did cause the rendition of an improper judgment.

The judgment is affirmed.